**Patrick Bernard SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–02–00744–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 14, 2002.

Peter Adams, Houston, for Appellant.

William J. Delmore, III, Houston, for The State.

Panel consists of Justices YATES, ANDERSON, and FROST.

## OPINION

PER CURIAM.

Following a jury trial, appellant was found guilty of the offense of capital murder and sentenced to life imprisonment on October 22, 1999. On February 25, 2002, appellant filed a pro se motion for DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a) (Vernon Pamph.2002). On February 27, 2002, the trial court appointed counsel for appellant. *See id.* art. 64.01(c). On June 13, 2002, counsel filed another motion for DNA testing On July 16, 2002, the trial court denied the motions for DNA testing. *See id.* art. 64.03, 64.04. Appellant filed a notice of appeal challenging the trial court's denial and the appeal was assigned to this Court. Because we have no jurisdiction over this appeal, we dismiss.

Article 64.05, governing appeals from rulings on motions for DNA testing, states:

An appeal of a finding under Article 64.03 or 64.04 is to a court of appeals, *except that if the convicted person was convicted in a capital case, the appeal of the finding is a direct appeal to the court of criminal appeals.*

*Id.* art. 64.05 (emphasis added). Under the plain language of the statute, a person convicted of a capital crime must appeal the denial of a request for DNA testing directly to the court of criminal appeals; the statute makes no distinction on the basis of the sentence of life or death. *Compare* TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Pamph.2002) (providing for direct appeal to court of criminal appeals upon denial of DNA testing in capital case) *with* TEX.CODE CRIM. PROC. ANN. art. 37.071, § 2(h) (Vernon Supp.2002) (providing for direct appeal to court of criminal appeals upon imposition of sentence of death).

In this case, appellant was convicted of capital murder. Pursuant to article 64.05, he must appeal the denial of his request for DNA testing directly to the court of criminal appeals. *Id.* art. 64.05. Accordingly, we dismiss the appeal for want of jurisdiction.